IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REINALDO KURI<br>202 Norwyck Way<br>Harleysville, PA 19438<br><br>    Plaintiff,<br>    v.<br><br>MERIDIAN BANK<br>653 West Skippack Pike<br>Blue Bell, PA 19422<br>and<br>MERIDIAN BANK CORPORATION<br>9 Old Lincoln Highway<br>Malvern, PA 19355<br><br>    Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Reinaldo Kuri (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  This action has been initiated by Plaintiff against Meridian Bank and Meridian Bank Corporation (*hereinafter* referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff intends to amend his complaint to include claims pending before the PHRA once such claims are fully and administratively exhausted. These claims will identically mirror his ADA/Title VII claims already filed herein.

**JURISDICTION AND VENUE**

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein (in part) under the ADA and Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8.  Defendants are a regional community bank headquartered at the above-captioned Malvern, Pennsylvania address. Plaintiff worked and was based out of the Blue Bell, Pennsylvania location.

9.  At all times relevant herein, Defendants acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was hired by Defendants on or about September 10, 2019, as a Sales and Service Representative.

12. During his employment, Plaintiff was primarily supervised by Manager, Aliese Rosado (hereinafter "Rosado").

13. Plaintiff has and continues to suffer from several serious health conditions, including but not limited to hip and back conditions, which (at times) limited his ability to perform some daily life activities, including but not limited to lifting and sitting for an extended period of time (among other daily life activities).

14. Despite the foregoing health conditions and restrictions, Plaintiff was still able to perform the duties of his job well; however, Plaintiff sometimes needed medical accommodations, such as time off for doctors' appointments and treatment, requiring periodic injections and ablations.

15. At all relevant times hereto, Defendants' management was aware of Plaintiff's aforesaid health conditions as Plaintiff had worked with Defendants' hiring manager at a prior job.

16. Additionally, in or about March/April of 2020, Plaintiff requested and was approved for a two-month medical leave for hip surgery.

17. However, Defendants' management, including but not limited to Rosado and HR, were clearly frustrated with Plaintiff's disabilities and requests for accommodations.

18. In fact, after requesting intermittent FMLA leave in or about June of 2021, Plaintiff was initially informed by Defendants' management that they did not have to provide him with FMLA leave or accommodate his requested days off for Plaintiff's health conditions because Plaintiff had not informed them at an earlier date that he would need accommodations, which made no sense as Defendants clearly knew of Plaintiff's aforesaid health conditions – and their response was not Plaintiff's understanding of how the ADA works.

19. Defendants' management and HR also questioned Plaintiff's need to take off a few days in July of 2021 for injections and ablations as well as showing clear frustration with his need to take off more than one day for the procedures.

20. Plaintiff was then abruptly terminated on or about July 20, 2021, in very close proximity to his most recent request for/utilization of FMLA.

21. Additionally, Plaintiff was also treated less favorably than his female counterparts regarding promotions and job duties during his employment with Defendants.

22. For example, Plaintiff applied for an HR position within Defendants but was only given a quick, perfunctory interview, while an outside female was given a full interview and was awarded the position (which had previously been held by a female), despite that fact that Plaintiff had more seniority with the company and, upon information and belief, the same or greater qualifications.

23. Plaintiff was also required to work as a floater in less favorable locations that purportedly needed a "male presence," and at least one female employee was given a seating preference in his branch.

24. Plaintiff objected to/complained of this gender disparity to HR, but his concerns were dismissed. Instead, Plaintiff was abruptly terminated.

25. Defendants informed Plaintiff that he was purportedly terminated for "unprofessional attire," which is completely pretextual as he simply failed to place his Meridian Sweatshirt over a t-shirt for a brief period of time and removed new shoes that were hurting him, while several of Defendants' executives walk around in front of customers in shorts and flip-flops, and several non-disabled and/or female bank employees walk around in their socks in Defendants' branches all the time but are not issued discipline and or terminated for same.

26. Plaintiff believes and therefore avers that he was terminated due to his gender, his actual/perceived/record of health conditions, his requests for accommodations, including his FMLA requests, and Defendants' failure to properly accommodate him.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disabilities Discrimination; [2] Retaliation; and**
**[3] Failure to Accommodate)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff suffered from serious health conditions, which (at times) limited his ability to perform some daily life activities, including but not limited to lifting and sitting for an extended period of time (among other daily life activities).

29. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require and requested reasonable medical accommodations at times (as noted *supra*).

30. Plaintiff was then abruptly terminated on or about July 20, 2021, in very close proximity to his most recent request for/utilization of FMLA.

31. However, Plaintiff's termination was completely pretextual and instead he was terminated because of his actual/perceived/record of health conditions, his requests for accommodations, and Defendants' failure to properly accommodate him.

32. These actions as aforesaid constitute unlawful discrimination, and retaliation under the ADA.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
([1]Interference and [2] Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was an eligible employee under the definitional terms of the FMLA. 29 U.S.C. § 2611(a)(i)(ii).

35. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

36. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

37. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

38. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis and Plaintiff requested FMLA-qualifying leave.

39. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to

terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising her rights under the FMLA.

40. These actions as aforesaid constitute violations of the FMLA.

## COUNT III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
#### ([1] Gender Discrimination and [2] Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendant, he was subjected to discrimination and through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of his gender.

43. Instead of investigating Plaintiff's aforesaid complaints of and/or objections to gender discrimination, Defendants' management ignored them and left his legitimate concerns unresolved.

44. Plaintiff was ultimately terminated on or about July 20, 2021, for completely pretextual reasons.

45. Plaintiff believes and therefore avers that he was really terminated because of his gender and/or his complaints about gender discrimination.

46. Defendant's actions as aforesaid constitute unlawful discrimination and retaliation in violation of the Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.       Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.       Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.       Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                                      Respectfully submitted,

                                      **KARPF, KARPF, & CERUTTI P.C.**

By: _____
       Ari R. Karpf, Esquire
       3331 Street Road
       Two Greenwood Square
       Suite 128
       Bensalem, PA 19020
Dated: October 26, 2021                     (215) 639-0801

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Reinaldo Kuri | : | CIVIL ACTION |
| v. | : | |
| Meridian Bank, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 10/26/2021 | *[signature]* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 202 Norwyck Way, Harleysville, PA 19438

Address of Defendant: 653 West Skippack Pike, Blue Bell, PA 19422 / 9 Old Lincoln Highway, Malvern, PA 19355

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/26/2021   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/26/2021   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KURI, REINALDO

## DEFENDANTS
MERIDIAN BANK, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, FMLA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 10/26/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print | Save As... | Reset